IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LINDA L. BURR,

    Plaintiff,

v.                                             Civil Action No. 5:06CV35
                                                        (STAMP)

MICHAEL ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.  Procedural History

Plaintiff, Linda L. Burr, filed a complaint in this Court on March 30, 2006, seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). The Commissioner filed his answer on July 26, 2006.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). Plaintiff filed a motion for summary judgment on August 25, 2006. The Commissioner filed his cross-motion for summary judgment on September 25, 2006.

On April 20, 2007, the magistrate judge entered a report recommending that the plaintiff's motion for summary judgment be granted and the case remanded to the Commissioner in order that the

ALJ may more thoroughly explain his analysis of the plaintiff's impairments compared to medical listing 1.00 and also in order that the ALJ may retain a medical expert to testify regarding the severity of the plaintiff's fibromyalgia, arthritis and asthma during the relevant time period. For these reasons, the magistrate judge also recommended that the Commissioner's motion for summary judgment be denied.

Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by either party. On April 30, 2007, the plaintiff filed an agreement with the report and recommendation of the magistrate judge and request for specification in the Court's order of the relevant time period.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which an objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and under these circumstances, the parties' right to <u>de novo</u> review is waived. <u>See</u> <u>Webb v. Califano</u>, 486 F. Supp.

825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

Plaintiff filed an application for disability insurance benefits on July 19, 2000. Plaintiff was denied her application on December 1, 2000 and did not request further review of that decision. Plaintiff then filed an application for disability insurance benefits and supplemental security income on October 23, 2001, alleging disability since August 1, 2001. The application was denied initially and on reconsideration. Plaintiff requested review by an ALJ and received a hearing on December 11, 2003. The ALJ issued a partially favorable decision on February 3, 2004. The ALJ determined that the plaintiff was disabled since October 16, 2003. Plaintiff then requested a review by the Appeals Council, but it denied the request. On February 16, 2006, the Appeals Council set aside its earlier decision to consider additional evidence and again denied the request for review. Plaintiff then filed the present action.

## III. Applicable Law

A. Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the

law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56© mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B.  Substantial Evidence

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by

substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

## IV. Discussion

In her motion for summary judgment, the plaintiff argues that the ALJ's decision lacks substantial evidence to support it. Specifically, the plaintiff asserts that the ALJ erred: (1) by rejecting certain pieces of evidence dating from before the alleged onset date of disability; (2) in making an adequate evaluation of the medical evidence at step three of the disability determination process; and (3) in determining whether the plaintiff was disabled from a date other than her alleged onset date without first obtaining the service of a medical expert.

In his motion for summary judgment, the Commissioner maintains that the ALJ's decision is supported by substantial evidence, and thus should be affirmed. The Commissioner argues that the evidence does not demonstrate that the plaintiff had a disability prior to the date found by the ALJ. The Commissioner further asserts that the ALJ properly analyzed the plaintiff's impairments under the medical listings. Finally, the Commissioner contends that the ALJ did not err in assigning the plaintiff an onset date of disability other than the one alleged without the services of a medical expert.

A.  The Administrative Law Judge's Rejection of Certain Evidence Admitted by the Appeals Council

Plaintiff first asserts that the ALJ erred in refusing to admit certain evidence she submitted, which was later included in the record by the Appeals Council. Plaintiff contends that this evidence was extremely relevant in determining her disability.

It is well established that "[r]eviewing courts are restricted to the administrative record in performing their limited function of determining whether the Secretary's decision is supported by substantial evidence." Huckabee v. Richardson, 468 F.2d 1380, 1381 (4th Cir. 1972). Where the Appeals Council incorporates evidence into the record not considered by the ALJ, reviewing courts reexamine the entire administrative record, not only the portion that was considered by the ALJ, in determining whether substantial evidence supports the ALJ's decision. Wilkins v. Sec'y Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). As the United States Court of Appeals for the Fourth Circuit stated in Thomas v. Comm'r of Social Security, 24 Fed. Appx. 158, 162 (4th Cir. 2001), "[w]e are obliged to review the record as a whole, including the evidence added to the administrative record by the Appeals Council subsequent to the ALJ's decision, in determining whether substantial evidence supports the ALJ's findings."

In this action, the evidence that the ALJ refused to admit was incorporated into the administrative record by the Appeals

Council. It is therefore irrelevant that the ALJ declined to consider it. Wilkins, 953 F.2d at 96. A court's review encompasses all the evidence in the administrative record. Id. Thus, the plaintiff's argument that the ALJ should be reversed for failing to consider this evidence is without merit.

Since this Court notes that since the Appeals Council has incorporated the evidence into the record that the ALJ declined to consider, the ALJ should consider that evidence on remand. Cf. Eiseler v. Barnhart, 344 F. Supp. 2d 1019, 1029-30 (E.D. Mich. 2004). This is not to say, of course, that the ALJ must accord great weight to that evidence. The ALJ remains the finder of fact whose factual conclusions are only reviewed for substantial evidence. Hays, 907 F.2d at 1456.

B. <u>The Administrative Law Judge's Consideration of the Medical Listing at Step Three of the Disability Determination</u>

Plaintiff argues that the ALJ gave insufficient consideration to her case at the third step of the disability inquiry. Plaintiff makes three arguments of error at the third step of the disability determination. First, the plaintiff contends that the ALJ gave an insufficient evaluation to one of the listings he identified as applicable. Second, the plaintiff argues that the ALJ failed to identify some listings under which she may qualify for disability. Finally, she asserts that the ALJ should have retained a medical

8

expert to testify about whether she equaled a medical listing, even if she did not meet it.

Plaintiff argues that the ALJ gave inadequate consideration as to whether the plaintiff met the requirements for disability under listing 1.00 of the medical listings, which deals with musculoskeletal problems. Plaintiff contends that the ALJ should have more thoroughly explained his reasoning. The ALJ's entire evaluation of whether the plaintiff met listing 1.00 consisted of stating that "[t]he claimant's fibromyalgia for which she was diagnosed in January 2000 and her arthritis are not attended by clinical findings that satisfy the requirements of any of the impairments detailed in Section 1.00." (Tr. at 29.)

As previously stated, the ALJ must explicitly indicate the weight he gives to the relevant evidence in order for a reviewing court to find his opinion to be supported by substantial evidence. Gordon, 725 F.2d at 235-36. In Cook v. Heckler, 783 F.2d 1168, 1172-73 (4th Cir. 1986), the United States Court of Appeals for the Fourth Circuit remanded the case because the ALJ failed to adequately explain his reasoning for finding that the claimant did not meet a medical listing. The ALJ in Cook gave a two sentence explanation for why the claimant's arthritis did not meet the requirements of listing 1.00. Id. The court found this summary explanation inadequate. Id. at 1173. The court held that "[t]he ALJ should have identified the relevant listed impairments. He

then should have compared each of the listed criteria to the evidence of the claimant's symptoms. The court found that without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination." Id.

Similarly, this Court believes that the ALJ's opinion regarding whether the plaintiff's impairments meet the requirements of listing 1.00 lacks substantial evidence due to its summary conclusion. The ALJ did not identify which listing or listings contained in 1.00 under which he evaluated the plaintiff's fibromyalgia and arthritis. (Tr. at 29.) He did not state how the plaintiff's impairments compare to the requirements of the listings. (Id.) He simply stated that the plaintiff did not meet the disability requirements and went no further. (Id.) This is plainly insufficient under Cook, 783 F.2d at 1172-73.

The plaintiff next argues that the ALJ erred in not considering whether her impairments meet listing 14.09D. The plaintiff argues that she suffers from sufficient symptoms so the listing should have been considered. Plaintiff points to her fibromyalgia as a reason for using this listing. The Commissioner contends that a diagnosis of fibromyalgia is insufficient to meet listing 14.09D.

Listing 14.09D provides for a finding of disability where a person demonstrates as follows:

> 14.09. Inflammatory Arthritis. Documented as described in 14.00B6, with one of the following:

. . .

>D. Inflammatory arthritis, with signs of peripheral joint inflammation on current examination, but with lesser joint involvement than in A and lesser extra-articular features than in C, and:
>
>>1. Significant, documented constitutional symptoms and signs (e.g., fatigue, fever, malaise, weight loss), and
>>
>>2. Involvement of two or more organs/body systems (see 14.00B6d). At least one of the organs/body systems must be involved to at least a moderate level of severity.

20 C.F.R. pt. 404, subpt. P, app. 1, § 14.09. The listing indicates that meeting the requirements of listing 14.00B6 is a prerequisite to consideration under listing 14.09D. 20 C.F.R. pt. 404, subpt. P, app. 1, § 14.09. Listing 14.00B6 defines inflammatory arthritis by stating that:

>Inflammatory arthritis (14.09) includes a vast array of disorders that differ in cause, course, and outcome. For example, inflammatory spondyloarthropathies include ankylosing spondylitis, Reiter's syndrome and other reactive arthropanthies, psoriatic arthropathy, Behçet's disease, and Whipple's disease, as well as undifferentiated spondylitis. Inflammatory arthritis of peripheral joints likewise comprises many disorders, including rheumatoid arthritis, Sjögren's syndrome, psoriatic arthritis, crystal deposition disorders, and Lyme disease. Clinically, inflammation of major joints may be the dominant problem causing difficulties with ambulation or fine and gross movements, or the arthritis may involve other joints or cause less restriction of ambulation or other movements but be complicated by extra-articular features that cumulatively result in serious functional deficit. When persistent deformity without ongoing inflammation is the dominant feature of the impairment, it should be evaluated under 1.02, or, if there has been surgical reconstruction, 1.03.

11

20 C.F.R. pt 404, subpt. P, app. 1 § 14.00B6. The ALJ did not consider whether the plaintiff met listing 14.09D.

As stated above, the ALJ's findings will be upheld as long as they are supported by substantial evidence. Hays, 907 F.2d at 1456. This Court finds that substantial evidence supports the ALJ's decision not to evaluate the plaintiff's impairments under listing 14.09D because evidence is lacking regarding the definition of inflammatory arthritis under 14.00B6. As mentioned above, this is a requirement for qualifying for disability under 14.09D. 20 C.F.R. pt 404, subpt. P, app. 1 § 14.09. Listing 14.00B6 provides that the listing does not cover situations where "ongoing inflammation" is not present or where it is present, yet surgery has been used as a corrective measure. The record reveals that the plaintiff experienced pain and inflammation in her right knee in 1999. The plaintiff had surgery to correct this problem in May 1999. Since the plaintiff had surgery, this problem may not serve as a basis for disability under listing 14.09. 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 14.00B6; 14.09. It appears that the remaining notations concerning arthritis are simply bare notations without explanation. Given this lack of evidence, this Court cannot say that it was error for the ALJ to decline to evaluate the plaintiff's impairments under listing 14.09D.

Plaintiff finally argues that at the hearing the ALJ erred in failing to retain the services of a medical expert. Plaintiff

contends that the medical expert could have provided further elaboration on the record and could have testified about whether the plaintiff equaled a medical listing. The Commissioner contends that adequate evidence existed to find against disability, and thus no medical expert was necessary.

The ALJ has a duty to develop an adequate factual record. Cook, 783 F.2d at 1173. Where a plaintiff fails to submit a sufficient evidentiary record, the ALJ has a duty to take the initiative and develop the record. Id.

After a review of the record, this Court concludes that the ALJ should have retained a medical expert to testify regarding the severity of the plaintiff's fibromyalgia, arthritis and asthma. The ALJ found these impairments to be severe. (Tr. 29.) Yet the record contains little evidence from the plaintiff's treating physicians regarding the severity of these impairments during the relevant time period. Indeed, most of the notations regarding these impairments are simply summary statements that the plaintiff has the impairments. The explanations that are provided are very brief. This Court finds that it is not possible to determine the severity of the plaintiff's fibromyalgia, arthritis and asthma. Accordingly, this Court finds that this action should be remanded to the ALJ so that he may employ a medical expert to testify regarding these impairments. 20 C.F.R. § 404.1527(f)(2)(iii); 416.929(b).

C.  Medical Expert Employed Before Finding an Onset Date Other Than as Alleged by Plaintiff

Finally, the plaintiff asserts that the ALJ should have employed a medical expert to determine her onset date of disability before establishing the disability onset date of October 16, 2003. Plaintiff asserts that the record discloses that, except for coronary artery disease, all the impairments the ALJ found severe existed before this date. The Commissioner contends that the record fails to disclose that the plaintiff suffered from a disability before the date determined by the ALJ.

As stated above, this Court has found that this action must be remanded so that the ALJ may obtain a medical expert to testify about the severity of the plaintiff's arthritis, fibromyalgia and asthma during the relevant time period.[1]

Based upon this Court's ruling, it is unnecessary to determine whether the ALJ should have used a medical expert to opine on the precise date of disability before assigning the plaintiff a disability date of October 16, 2003.

---

[1] Plaintiff requests a specification of the relevant time period. The relevant time period is identified by the magistrate judge on page 3 of the report and recommendation. This Court finds that the magistrate judge's finding is not clearly erroneous and is affirmed and adopted by this Court.

## V. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that this civil action is REMANDED to the Commissioner in order that the ALJ may more thoroughly explain his analysis of the plaintiff's impairments compared to medical listing 1.00 and in order that the ALJ may retain a medical expert to testify regarding the severity of the plaintiff's fibromyalgia, arthritis and asthma during the relevant time period. It is ORDERED that the Commissioner's motion for summary judgment is hereby DENIED for the reasons stated above.

It is further ORDERED that, pursuant to 42 U.S.C. § 405, this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the parties failure to object to the magistrate judge's proposed findings and recommendation bars both the plaintiff and the defendant from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:       July 18, 2007

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE