IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LINDA BURR,

        Plaintiff,

v.                                                         Civil Action No. 5:06-CV-35
                                                         (Judge Stamp)

MICHAEL ASTRUE,
Commissioner of Social Security,

        Defendant.

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT BE GRANTED IN PART AND DENIED IN PART

### I. Introduction

A.      Background

Plaintiff, Linda Burr, (Claimant), filed her application for award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), on September 18, 2007.[1] Commissioner filed a response to the application on October 1, 2007.[2] A hearing was held before this Court on November 14, 2007.

B.      The Motion

Claimant's application for award of attorney's fees under the Equal Access to Justice Act.

C.      Recommendation and Order

I recommend that Claimant's application for award of attorney's fees under the Equal

---

[1] Docket No. 16

[2] Docket No. 21

Access to Justice Act be GRANTED IN PART and DENIED IN PART. Commissioner's position the ALJ properly evaluated Claimant's impairments under Listing 1.00 was not substantially justified because the ALJ summarily concluded Claimant did not meet Listing 1.00 without specifying under which listing(s) within 1.00 he evaluated Claimant's fibromyalgia and arthritis, and failed to explain how Claimant's impairments compared to the requirements of the listings. This entitles Claimant to an award of attorney fees. However, the amount of time Claimant has billed is unreasonable because Claimant's counsel represented Claimant below and because counsel should not have required 26 hours to write the motion for summary judgment.

Claimant is awarded fees and expenses in the amount of $2000.00.

## II. Facts

Claimant filed her complaint on March 30, 2006, seeking judicial review pursuant to 42 U.S.C. § 1383(c)(3) of an adverse decision by Defendant, Commissioner of Social Security, (Commissioner).[3] Commissioner filed her answer on July 26, 2006.[4] Claimant filed her motion for summary judgment on August 25, 2006.[5] Commissioner filed her motion for summary judgment on September 25, 2006.[6] This Court entered a report and recommendation on April 20, 2007, recommending that the action be remanded to the Commissioner for a more thorough explanation of his analysis of Claimant's impairments compared to Listing 1.00 and to retain a

---

[3] Docket No. 1

[4] Docket No. 7

[5] Docket No. 10

[6] Docket No. 11

medical expert to testify to the severity of Claimant's fibromyalgia, arthritis, and asthma.[7] On July 18, 2007, the Honorable Frederick P. Stamp, United States District Judge, entered an order accepting and adopting the report and recommendation in its entirety.[8]

### III. Claimant's Application for Award of Attorney's Fees

A.  Contentions of the Parties

Claimant contends that the Court should award attorney fees because the legal and factual arguments of Commissioner in support of the ALJ's opinion were not substantially justified. Specifically, Claimant argues Commissioner was not substantially justified in arguing 1) the ALJ properly evaluated the listings and 2) the ALJ did not have a duty to call a medical expert to testify at the hearing to the severity of Claimant's impairment. Claimant notes Commissioner did not file objections to the Undersigned's report and recommendation that the case be remanded.

Commissioner contends that his position in opposing an award of benefits was substantially justified. In the event the Court finds Commissioner lacked substantial justification, Commissioner asks for a reduction in the fee Claimant seeks.

B.  The Standards

1.  EAJA Fees to Prevailing Party. Upon a timely petition, a party who prevails in litigation against the United States is entitled to EAJA attorneys' fees if the government's position was not substantially justified and no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

---

[7] Docket No. 12

[8] Docket No. 15

2. <u>General Eligibility Requirements</u>.  In order to be eligible for an award of fees, the following requirements must be met: (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement.  28 U.S.C. § 2412; <u>Crawford</u>, 935 F.2d at 656.

3. <u>Substantial Justification - Definition</u>.  Substantial justification means justified in substance or in the mains, rather than justified to a high degree, and even losing arguments could commonly be found to be substantially justified.  <u>Pierce v. Underwood</u>, 487 U.S. 552, 565-69 (1988).  The test is whether arguably there was substantial evidence to support the Government's position that Claimant was not entitled to benefits.  <u>Crawford v. Sullivan</u>, 935 F.2d at 657.  Substantial justification requires at least "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Pierce</u>, 487 U.S. at 565.

4. <u>Substantial justification - Burden of Proof</u>.  In the district court, the government has the burden of showing substantial justification.  <u>Lively v. Bowen</u>, 858 F.2d 177, 180 (4th Cir. 1988).

5. <u>Substantial justification - Independent Determination by the Court</u>.  While the burden of showing substantial justification is on the government, a district court may find that the record before it demonstrates that substantial justification exists for a litigation position.  <u>Campbell v. Bowen</u>, 800 F.2d 1247, 1249 (4th Cir. 1986).

6. <u>Substantial justification - Law and Fact</u>.  The government's position must be substantially justified in both fact and law.  <u>Pierce</u>, 487 U.S. at 565; <u>Crawford</u>, 935 F.2d at 656.  An accurate recital of law by the government cannot excuse a substantially unjustified position

on the facts. Thompson v. Sullivan, 980 F.2d 280, 282 (4th Cir. 1992) (finding that the government faced a difficult task to convince the Court that its position was substantially justified in fact when the record was replete with objective medical evidence of a condition that could cause pain).

7. Substantial justification - Disputed Facts. Where eligibility for benefits turns on disputed facts, the ultimate award of benefits does not necessarily mean that the Secretary was unjustified in contesting the claim. Thompson, 980 F.2d at 282.

8. Substantial justification- Arguably Defensible Administrative Record. A position based on an arguably defensible administrative record is substantially justified. Crawford, 935 F.2d at 658. Although the Secretary's original decision may be found to be based on an inadequately developed record, it does not necessarily mean that the position is not substantially justified. Sigman v. U.S. Dep't. of Health and Human Servs., 961 F.2d 211 (4th Cir. 1992) (unpublished).

9. Substantial justification - Government Ignores the Law. Administrative agencies must follow the law of the circuit whose courts have jurisdiction over the cause of action. Hyatt v. Heckler, 807 F.2d 376, 379 (4th Cir. 1986). The government's policy of non-acquiescence to the law of the circuit entitles the claimant to recover attorney fees. Id. at 382. A policy of non-acquiescence cannot be substantially justified. Thompson, 980 F.2d at 283.

10. No Automatic Rights to Attorneys' Fees When ALJ's Decision is Remanded. Commissioner is not automatically liable for attorney's fees every time he loses a case. Crawford, 935 F.2d at 657. There is no "presumption that the government position was not substantially justified, simply because it lost the case." Id. (citing Tyler Business Services, Inc.

v. NLRB, 695 F.2d 73, 75 (4th Cir. 1982)). Even when the case is remanded for reconsideration of the original denial of benefits and Commissioner ultimately reverses his original position, the government can still demonstrate that its original position was substantially justified. Cook v. Sullivan, 935 F.2d 1285 (4th Cir. 1991) (unpublished).

11. Substantial Justification versus Substantial Evidence. The substantial justification inquiry requires a new, independent exercise of judicial judgment not pre-ordained by any prior assessment of the merits. Evans v. Sullivan, 928 F.2d 109, 110 (4th Cir. 1991). Whether an ALJ's denial of benefits is supported by substantial evidence on the record as a whole (the merits question) is not congruent with whether that denial, or its defense in court, was substantially justified (the fee award question). Cook, 935 F.2d at 1285. While obviously related, the two standards "do not logically compel the same answers or even raise legal presumptions in that direction." Id.

12. Final Judgment - Timely Filing of Application. A party seeking an award of fees and expenses shall, within thirty days, of final judgment, submit to the court an application for fees and other expenses that shows that the party is the prevailing party and is eligible to receive an award, the amount sought, including an itemized statement stating the actual time expended, and the rate at which fees and other expenses were calculated. 42 U.S.C. § 2412(d)(1)(B).

14. Final Judgment - Prevailing Party - Generally. A party prevails by succeeding on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

15. Final Judgment - Sentence Four Remand - When the Filing Period Begins. The thirty-day filing period under the EAJA begins to run after the court judgment affirming,

6

modifying, or reversing the administrative decision is entered and the period for appealing the judgment has run, so that the judgment is no longer appealable. Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). When the United States is a party, the period for appealing the judgment is 60 days. Fed. R. App. P. 4.

16. <u>Final Judgment - Sentence Four Remand - Formal Judgment</u>. Because a remand order under sentence four is final for all purposes, it must be accompanied by a formal judgment under Rule 58 of the Federal Rules of Civil Procedure; however, an EAJA application is not untimely where the time for appeal has not expired because the remanding order has failed to enter the formal judgment as required by Rule 58. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993).

17. <u>Discretion to Award Attorneys' Fees</u>. A decision to award attorneys' fees under EAJA is within the sound discretion of the district court. May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991). The amount of attorney's fees is within the discretion of the district court. Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir. 1992).

C. <u>Discussion</u>

In order to be eligible for fees under EAJA, the following four requirements must be met: (1) the claimant was the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. Crawford, 935 F.2d at 656.

### 1. Prevailing Party

Claimant is a prevailing party because by obtaining a remand by the district court she succeeded on a significant issue in the litigation which achieved some of the benefit she sought

in bringing the suit. Hensley, 461 U.S. at 433.

## 2. Timely Filing

The district court entered its order accepting and adopting the Undersigned's report and recommendation on July 18, 2007. Commissioner therefore had until September 18, 2007, to file an appeal. Fed. R. App. P. 4. The thirty day period under EAJA began to run after that date when Commissioner did not appeal. Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Claimant filed her application for attorneys' fees on September 18, 2007, along with an itemized statement detailing counsel's work. Claimant's application for attorney's fees was filed within thirty days after the period for appealing the judgment had run; therefore, the motion was timely filed.

## 3. Special Circumstances

Neither party argues, and the Court does not believe, that there are any special circumstances present that would make an award of fees unjust.

## 4. Substantial Justification

The issue is whether Commissioner's position in opposing the awarding of benefits was substantially justified. In order to be substantially justified, Commissioner must rely on an arguably defensible administrative record. Crawford, 935 F.2d at 658. Commissioner maintains that he relied on a defensible administrative record in this case.

A party who prevails in litigation against the United States is entitled to attorney's fees under EAJA if the government's position was not "substantially justified." Id. at 656. The Government bears the burden of proving "substantial justification." Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988). The government can defeat a claim for attorney fees by showing that its position had a reasonable basis in both fact and law. Crawford, 935 F.2d at 656 (citing

8

Pierce, 487 U.S. at 565).

In this case, the Court concludes the government's position the ALJ properly evaluated Claimant's impairments under Listing 1.00 was not substantially justified because the ALJ summarily concluded Claimant did not meet Listing 1.00 without specifying under which listing(s) within 1.00 he evaluated Claimant's fibromyalgia and arthritis, and failed to explain how Claimant's impairments compared to the requirements of the listings. (Report and Recommendation 38). Commissioner lacked substantial justification for litigating these facts.

### 5. Reasonableness as to Number of Hours and the Fee Involved

Claimant requests $125.00 per hour for 29.6 hours of attorney work. In total, Claimant requests $3,700.00 under EAJA. Commissioner opposes Claimant's request by arguing the amount of time Claimant expended on the case was excessive. Commissioner also objects that Claimant seeks compensation for clerical work.

The Court first examines the number of hours for which Claimant seeks compensation. Counsel has a duty to only seek compensation for a reasonable amount of work. Gough v. Apfel, 133 F. Supp. 2d 878, 880 (W.D. Va. 2001). The district court has discretion to determine an appropriate number of hours. Id. Document filing, document organization, and other routine clerical matters do not receive any compensation. Keith v. Volpe, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986).

Commissioner contends that Claimant's decision to bill for 26 hours to draft Claimant's Motion for Summary Judgment on the Pleadings with Brief is excessive because the case involved a partially favorable decision and only a two year period of review. This Court agrees with Commissioner's argument regarding time spent drafting Claimant's Motion and Brief. In

the Court's experience, and taking into consideration that Plaintiff's counsel represented Plaintiff below and was therefore presumably familiar with the case, the amount of hours billed for drafting the Motion and Brief is excessive.

Accordingly, the Court finds the hours Claimant has billed for should receive a reduction of 13.6 hours. This leaves 16 hours to receive compensation.

## IV. Recommendation

Based on the forgoing, I recommend that Claimant's application for award of attorney's fees under the Equal Access to Justice Act be GRANTED IN PART and DENIED IN PART. Commissioner lacked substantial justification for litigating this case on the facts. This entitles Claimant to an award of attorney fees. The amount of time Claimant has billed for is excessive. Claimant is awarded fees and expenses in the amount of $2000.00.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days after this Report and Recommendation is entered, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

DATED: November 20, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE